JABLON et al. v. TRAYNOR et al.

(Supreme Court, Appellate Term. May 29, 1912.)

1. PRINCIPAL AND AGENT (§ 145*)—UNDISCLOSED PRINCIPAL—LIABILITY.

Where a party did work under an agreement with an agent and solely on his credit with knowledge that he was an agent, he cannot hold the undisclosed principal liable.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 499, 513–520; Dec. Dig. § 145.*]

2. CONTRACTS (§ 113*)—ILLEGALITY—EFFECT.

An agreement by a person performing work for a principal that he will pay a percentage of the agreed price to the agent with whom he contracted renders the entire transaction void.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 521–541; Dec. Dig. § 113.*]

3. CONTRACTS (§ 153*)—CONSTRUCTION—PRESUMPTION OF LEGALITY.

Where a transaction was open to two constructions, one of which would be legal and the other illegal, it would be presumed that the parties intended to act legally.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 734; Dec. Dig § 153.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Samuel Jablon and another against James Traynor and another. From a judgment for plaintiffs after a trial by the court without a jury, defendants appeal. Affirmed in part and reversed in part.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Louis B. Williams, of New York City, for appellants.
Bennett E. Siegelstein, of New York City, for respondents.

PAGE, J. The action was brought against the defendants for work, labor, and services rendered and materials furnished at the instance and request of the defendants. The defendant Traynor in his answer admits that the work alleged in the complaint was done for him, and alleges payment. The evidence shows that the defendant Traynor made the agreement with the plaintiffs, and that the bills therefor were made out in his name and delivered to him. He failed to establish the defense of payment, and judgment was properly rendered against him.

[1] It is sought to hold Unterberg as an undisclosed principal, who has received the benefit of the work; but plaintiffs knew that Traynor was not the owner when they made their agreement with him, and they did the work solely on his credit. It does not clearly appear who was Traynor's principal. Each of the defendants denies in his answer that the defendant Unterberg was the owner, and sufficient proof was not offered by the plaintiffs to establish their contention in this issue.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

[2] There was a discount of 10 per cent. to be paid by the plaintiffs to Traynor. If they were dealing with Traynor as a principal, and looking to him alone for pay, it was proper for them to make any discount they wished. If, however, Traynor was an agent for Unterberg and they were dealing with him in that capacity, giving credit and expecting to be paid by Unterberg, the agreement to pay 10 per cent. on the agreed price would render the entire transaction void. Sirkin v. Fourteenth Street Store, 124 App. Div. 384, 108 N. Y. Supp. 830.

[3] Where there are two constructions possible to be placed upon a transaction, one of which would be illegal, and the other legal, the court will presume that the parties intended to act legally, and view the transaction from that standpoint.

The judgment will be affirmed as to defendant Traynor, with costs, and reversed as to defendant Unterberg, with costs. All concur.